## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JESSE EUGENE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-1008-SHM-tmp |
| | ) | |
| DERRICK SHORTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

### ORDER DENYING MOTION FOR EXTENSION OF TIME (ECF NO. 12); DISMISSING CASE IN ITS ENTIRETY PURSUANT TO FED. R. CIV. P. 41(b); CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; NOTIFYING HARRIS OF THE APPELLATE FILING FEE; AND NOTIFYING HARRIS OF THE COURT'S STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g)

---

On January 13, 2022, Plaintiff Jesse Eugene Harris filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Harris was incarcerated at the Whiteville Correctional Facility (the "WCF") in Whiteville, Tennessee when he filed the complaint.  (*Id.* at PageID 2.)  He remains at the WCF.  (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Feb. 23, 2023).)  On April 4, 2022, Harris paid the civil filing fee.  (ECF No. 6.)

On January 6, 2023, the Court: (1) granted Harris's motions to amend the complaint (ECF Nos. 8 & 9); (2) partially dismissed the Consolidated Complaint (ECF Nos. 1, 8 & 9) with prejudice for failure to state a claim to relief as a matter of law; (3) partially dismissed the Consolidated Complaint without prejudice for failure to allege facts stating a claim to relief; and (4) granted leave to amend.  (ECF No. 11 (the "Screening Order").)  Harris's deadline to amend the complaint was Friday, January 27, 2023 (the "Amendment Deadline")).  (*See id.* at PageID 60.)

On February 15, 2023, Harris filed a "Notice Of Filing For Extension Of Time." (ECF No. 12 (the "Motion").) He sought an "extension of time until February 28, 2023 to respond to th[e] [Screening Order]." (*Id*. at PageID 61.) Harris does not explain why he filed the Motion after the Amendment Deadline, and he does not attach proposed amendments to the Motion.

Federal Rule of Civil Procedure 41(b)[1] "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute"). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit affords district courts "substantial discretion" as to decisions to dismiss for failure to prosecute. *Id.*

The Motion is DENIED for lack of merit. (ECF No. 12.) Harris has failed to prosecute the case by failing to comply in a timely manner with the Screening Order's leave to amend. The Motion does not demonstrate good cause for an extension to amend.

For these reasons, and for the reasons discussed in the Screening Order, the Court DISMISSES the case with prejudice in its entirety. The Court recommends that this dismissal be

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  (*See also* ECF No. 17 at PageID 89.)  Judgment will be entered in accordance with the Screening Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that an appeal in this matter by Harris would not be taken in good faith.  If Harris nevertheless chooses to file a notice of appeal, Harris must either pay the entire $505 appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED, this 8th day of March, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE